**UNITED STATES of America,**
**Appellee,**

**v.**

**Baldassare AMATO, Kevin Antinuche, Massimo Buscemi, Salvatore Chiaramonte, Giovanni D'Aleo, Joseph D'Aleo, Riccardo Fenoaltea, Filippo**

Fiordilino, Frank Guidice, Robert Ia-
cobelli, Zaim Kolar, Tudor Moga,
Vincent Moreno, Salvatore Pugliese,
Vincenzo Anthony Sciacca, Florian
Stoica, Brian Turk, Defendants,

Joseph O'KANE, Defendant–Appellant.

No. 02–1603.

United States Court of Appeals,
Second Circuit.

Jan. 21, 2004.

James E. Neuman, Mischel, Neuman & Horn, P.C., New York, NY, for Defendant–Appellant.

Barbara Underwood, Assistant United States Attorney for the Eastern District of New York (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, on the brief, Tracy Lee Dayton, David C. James, Assistant United States Attorneys), New York, NY, for Appellee, of counsel.

Present: FEINBERG, WESLEY, Circuit Judges, and PAULEY, District Judge.*

## SUMMARY ORDER

Familiarity is assumed as to the facts and the procedural context. Defendant raises four issues on appeal: (1) whether the evidence was sufficient to sustain defendant's RICO conviction; (2) whether the evidence was sufficient to sustain defendant's attempted witness tampering conviction; (3) whether the government's summation deprived defendant of a fair trial; and (4) whether a letter by defendant's pretrial counsel was properly admitted into evidence.

"An appellant who challenges the sufficiency of the evidence bears a heavy burden." *United States v. Diaz*, 176 F.3d 52, 89 (2d Cir.1999). This Court must view the evidence "in the light most favorable to the government ...," *id.* at 89 (citations omitted), and all issues of credibility must be resolved in favor of the prosecution. *See United States v. Desena*, 287 F.3d 170, 177 (2d Cir.2002). The conviction must be affirmed if *"any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct.

2781, 61 L.Ed.2d 560 (1979). Consequently, "[t]he ultimate question is not whether [this Court] believe[s] the evidence adduced at trial established defendant's guilt beyond a reasonable doubt, but whether any rational trier of fact could so find." *United States v. Payton*, 159 F.3d 49, 56 (2d Cir.1998) (emphasis omitted). Under these standards both sufficiency challenges fail.

The RICO statute makes it unlawful "for any person employed by or associated with any enterprise ... to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c); *see also United States v. Indelicato*, 865 F.2d 1370, 1372 (2d Cir. 1989) *(en banc )*. The statute defines the term "enterprise" to include "any ... group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). The Supreme Court has explained that a RICO enterprise is "a group of persons associated together for a common purpose of engaging in a course of conduct" the existence of which is proven "by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." *United States v. Turkette*, 452 U.S. 576, 583, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981).

■ Contrary to defendant's assertions, the trial record contains proof of the existence of the charged enterprise ("the Enterprise"). Cooperating witnesses testified they committed crimes as part of an ongoing criminal group and were members of the Enterprise. Plea allocutions of group members acknowledged the Enterprise's existence. Individuals testified to

---

* The Honorable William H. Pauley III, of the United States District Court for the Southern District of New York, sitting by designation.

the structure and hierarchy of the Enterprise, and other evidence established the ongoing nature of the criminal activities committed by Enterprise members.

■ Similarly, there was ample evidence of a pattern of racketeering activity. "[T]o prove a pattern of racketeering activity ... a prosecutor must show that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity." *H.J. Inc. v. Northwest Bell Tel. Co.*, 492 U.S. 229, 239, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989) (emphasis omitted). To establish relatedness, the government must show the racketeering acts relate both to one another ("horizontal relatedness") and to the enterprise ("vertical relatedness"). *See Diaz*, 176 F.3d at 93. Defendant claims the jury lacked a reasonable basis to determine the charged predicate acts were vertically related to the Enterprise.

Vertical relatedness can be proven by showing either that (1) the offense related to the activities of the enterprise, or (2) defendant was able to commit the offense solely because of his position in the enterprise. *See United States v. Minicone*, 960 F.2d 1099, 1106 (2d Cir.1992). Here, testimony from associates of the Enterprise established that criminal acts were undertaken to gain the confidence and respect of other members. That testimony is sufficient to establish vertical relatedness. *See, e.g., United States v. Polanco*, 145 F.3d 536, 541 (2d Cir.1998) (gun sales intended to "cultivate a relationship" and persuade others to join enterprise were vertically related to affairs of drug enterprise). Defendant's claim that his actions were motivated by personal profit, and not the desire to gain respect of other members, is unavailing. The indictment charged that one of the purposes of the Enterprise was to enrich its own members. This allegation was supported by testimony at trial. Thus, crimes undertaken for the financial enrichment of Enterprise members are in furtherance of the affairs of the Enterprise. *See Minicone*, 960 F.2d at 1107 (crime committed "for the purpose of enriching the enterprise's members and consolidating its power" was vertically related to the enterprise).

■ The evidence was also sufficient to sustain the witness tampering conviction. The statute makes it a crime to intimidate, threaten or "corruptly persuade" a potential witness, or to attempt to do so, with intent to influence his testimony in an official proceeding. 18 U.S.C. § 1512(b). The section was written broadly to encompass non-coercive efforts to tamper with a witness. *See United States v. Masterpol*, 940 F.2d 760, 763 (2d Cir.1991). Consequently, the government need only "prove that the defendant's attempts to persuade were motivated by an improper purpose." *United States v. Thompson*, 76 F.3d 442, 452 (2d Cir.1996).

Defendant does not dispute the facts elicited at trial. Defendant believed Christopher was cooperating against him. Concerned Christopher would testify against him at trial, defendant directed intermediaries—including a Gambino family associate—to reach out to Christopher and deliver a message. The jury could reasonably conclude the intent, and resulting effect, of that message was to demonstrate both that defendant believed Christopher was "a rat" and that defendant knew where to find Christopher.

Defendant claims that even if he did intend to discourage Christopher from cooperating with the government, he did not violate 18 U.S.C. § 1512(b) because he did not use any form of "corrupt persuasion." That contention is based upon a Third Circuit case in which a divided panel ruled

that the term "corruptly persuades" does not include a non-coercive attempt to persuade a co-conspirator who could legitimately invoke his Fifth Amendment right not to disclose inculpatory information. *See United States v. Farrell,* 126 F.3d 484, 488 (3d Cir.1997). *Farrell's* definition of "corruptly" is clearly inconsistent with this Court's view of that term in *Thompson.* 76 F.3d at 452. Thus, contrary to defendant's assertion, *Farrell* is irreconcilable with the law of this Circuit by which we are bound. *See also United States v. Shotts,* 145 F.3d 1289, 1300–01 (11th Cir. 1998) (preferring the Second Circuit's position in *Thompson* than the Third Circuit's position in *Farrell.*).

 Defendant also claims the government's rebuttal summation deprived him of a fair trial. Where as here, defense counsel makes arguments that are themselves improper, the government is granted greater latitude in its rebuttal. *United States v. Rivera,* 22 F.3d 430, 438 (2d Cir.1994). Rather than rehash the unprofessional antics of counsel, suffice it to say that in light of the attacks on the integrity of its case and the Assistant United States Attorney, the government was entitled to respond with "rebutting language suitable to the occasion." *United States v. Bagaric,* 706 F.2d 42, 60 (2d Cir.1983) (quotation marks and citation omitted).

Finally, defendant challenges the district court's decision to admit into evidence a letter by defendant's pretrial counsel. Because this question is one deserving of a more detailed analysis, we address this issue in an opinion issued simultaneously with this summary order.

For the reasons set forth above, the judgment of the District Court is hereby AFFIRMED, in all respects, other than to the extent that it addresses the admissibility of the pretrial counsel's letter.